1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ROGER TOWERS, et al.,              No. 2:18-cv-02996-JAM-KJN PS

12             Plaintiffs,

13        v.                             ORDER AND FINDINGS AND
                                         RECOMMENDATIONS
14    J. MARK MYLES, et al.,

15             Defendants.

16

17        Plaintiffs Roger and Catherine Towers, who proceed without counsel, initiated this action

18   on November 19, 2018, and paid the filing fee.[1]  (ECF No. 1.)  Pending before the court are

19   defendants' motion to dismiss and plaintiffs' motion for recusal.  (ECF Nos. 8, 14.)  Plaintiffs

20   opposed defendants' motion to dismiss, and defendants replied.  (ECF Nos. 19, 20)  Defendants

21   opposed plaintiffs' motion for recusal.  (ECF No. 21.)  The court took these matters under

22   submission on the briefing pursuant to Local Rule 230(g).  (ECF Nos. 13, 17.)

23        After carefully considering the parties' briefing, the court's record, and the applicable law,

24   plaintiffs' motion for recusal is DENIED.  The court also recommends that defendants' motion to

25   dismiss be GRANTED and plaintiffs' complaint be DISMISSED WITH PREJUDICE for the

26   following reasons.

27   ─────────────────────

28   [1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C.
     § 636(b)(1).

                                      1

I.       BACKGROUND

The complaint brings claims against the County of San Joaquin ("County") and several individual defendants based upon alleged violations of plaintiffs' First Amendment rights pursuant to 42 U.S.C. § 1983; alleged conspiracy to obstruct justice pursuant to 42 U.S.C. § 1985(2); and alleged neglect to prevent pursuant to 42 U.S.C. § 1986. (See generally Complaint, ECF No. 1 ["Compl."].)

A close review of the complaint reveals that the underlying allegations are based on two categories of claims that plaintiffs have raised in previous cases: claims about the County's land use designation of plaintiffs' property as Open Space/Resource Conservation ("OS/RC") and claims about a 2016 restraining order the County obtained against Roger Towers.

Indeed, plaintiffs admit that they have been challenging the County's land use designation of their property for the last 18 years. (Compl. ¶ 10.) As defendants point out, this is plaintiffs' sixth lawsuit against the County (see ECF No. 9 at 5), and at least the seventh matter in which Roger Towers and the County are both parties:

"Towers I," a 2004 state court challenge to the land use designation, Roger and Catherine Towers v. County of San Joaquin, Case No. CV-2004-0007721 (June 18, 2004) (see Defendants' Request for Judicial Notice, ECF No. 10 ["RJN"], Ex. 1.);[2]

"Towers II," a 2009 state court challenge to the land use designation, Towers v. Cty. of San Joaquin, No. C073598, 2017 WL 3275178, (Cal. Ct. App. Aug. 2, 2017), reh'g denied (Aug. 28, 2017), review denied (Nov. 1, 2017);

"Towers III," a 2014 state court challenge to a County ordinance benefitting mining operators. Towers v. Cty. of San Joaquin, No. C080667, 2018 WL 671356, at *1 (Cal. Ct. App. Feb. 2, 2018).

////

---

[2] The court takes judicial notice of each of the exhibits attached to defendants' request for judicial notice because each is either a court filing or other public record. The court may take judicial notice of court filings and other matters of public record. Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006). At the same time, the court does not—and need not for the purposes of this order—assume the truth of any unsubstantiated allegations contained within any of these documents.

"Towers IV," a 2016 federal court challenge to the County's 2035 General Plan, which incorporated the disputed land use designation, Towers et al. v. Villapudua et al., Case No. 2:16-CV-02417-MCE-KJN;

"Towers V," a 2017 federal court challenge to the County's 2035 General Plan/land use designation and the 2016 restraining order, Towers v. County of San Joaquin, Case No. 2:17-CV-02597-JAM-KJN; and

"County v. Towers," in which Roger Towers directly appealed the 2016 restraining order in state court, San Joaquin Cty. Counsel's Office v. Towers, No. C084030, 2018 WL 2424114, at *1 (Cal. Ct. App. May 30, 2018).

A.      Land Use Designation and State Court Challenges

In March 2001, plaintiffs bought three adjacent parcels of land in southern San Joaquin County. Towers II, 2017 WL 3275178, at *3. Most of plaintiffs' property and the surrounding land was "designated by the County as OS/RC, an area of regional significance containing significant mineral resources." Id. Plaintiffs consulted with County staff before they purchased the property, and "[s]taff informed plaintiffs that the property was designated OS/RC in the county general plan adopted on July 29, 1992, and plaintiffs could not build on the land without first obtaining a 'site approval' from the County, which the County had discretion to approve or disapprove." Id. at *4.

From 2002 until 2008, plaintiffs submitted several applications and appeals to change the land use designation and to gain permission to develop the property and build residences on the land. See Towers II, 2017 WL 3275178, at *4. The County denied each of plaintiffs' applications and appeals. Id.

In 2009, plaintiffs initiated Towers II in San Joaquin County Superior Court, seeking to overturn the County's decisions related to the land use designation. The San Joaquin County Superior Court ultimately entered judgment against plaintiffs and the California Third District Court of Appeal affirmed, explaining in relevant part:

> We first conclude that plaintiffs have no basis to challenge the OS/RC designation of their land or the allegedly "phony maps," because plaintiffs have forfeited those matters by failing to provide

any legal authority or analysis on appeal to challenge the trial court's conclusion that those claims are barred by the statute of limitations (Code Civ. Proc., § 338, subd. (d)). . . .

Moreover, the bar of the statute of limitations forecloses . . . the fifth count alleging federal civil rights violations, because the state statute of limitations governs the length of the limitations period for the federal civil rights action. . . .

Plaintiffs rehash all of their foregoing arguments under the guise of deprivation of a legitimate claim of entitlement. However, we have explained that none of plaintiffs' arguments have merit. Accordingly, none can serve as a legitimate claim of entitlement to support a due process claim.

We conclude plaintiffs fail to show grounds for reversal as to their federal civil rights claim.

Towers II, 2017 WL 3275178, at *15-16, 28. Plaintiffs' petition for rehearing in Towers II was denied on August 28, 2017, and on November 1, 2017, the California Supreme Court denied plaintiffs' petition for review. See Id.

B.    2016 Restraining Order

On September 29, 2016, the planning commission held a meeting on the proposed 2035 General Plan. (Compl. ¶ 25.) Roger Towers made critical public comments about the 2035 General plan, including his concern "of the impact of mining in the vicinity of his Property and because he was being denied use of his property." (Compl. ¶ 27.)

On October 25, 2016, the board of supervisors held a meeting to consider the proposed 2035 General Plan. (Compl. ¶ 37.) The County served Roger Towers with a temporary restraining order, a petition for a workplace violence restraining order, and a notice of hearing, based upon his allegedly threatening behavior against County employees Kerry Sullivan and Amy Skewes-Cox. (Compl. ¶ 38; see also RJN, Exs. 10, 11.)

Thereafter, the County initiated County v. Towers, in which the superior court issued a three year workplace violence restraining order against Roger Towers. (Compl. ¶ 49; see also RJN, Exs. 12, 13.) On appeal, the Third District Court of Appeal affirmed the lower court decision, and concluded that "substantial evidence supports the issuance of the order, and that the order did not violate Roger Towers's right of free speech." County v. Towers, No. C084030, 2018 WL 2424114, at *1.

C.     Federal Complaints

On October 11, 2016, plaintiffs filed <u>Towers IV</u> in this court against the County and several other defendants, raising several allegations related to the land use designation of plaintiffs' property.  2:16-CV-02417-MCE-KJN, ECF No. 1.  The complaint included a claim that the County violated plaintiffs' substantive due process, based upon allegations that "COUNTY staff and its consultants have intentionally misrepresented, and intentionally delayed, the background reports and information intended to be included within, and support, the General Plan 2035 update."  <u>Id.</u>, ECF No. 1 at 21.  With several motions to dismiss pending, plaintiffs voluntarily dismissed <u>Towers IV</u> on December 8, 2016.  <u>Id.</u>, ECF No. 28.

On December 8, 2017, Roger Towers filed <u>Towers V</u> in this court against the County and several other defendants, challenging the land use designation in the 2035 General Plan, and the 2016 restraining order obtained by the County.  2:17-CV-02597-JAM-KJN, ECF No. 1.  After a motion to dismiss, the court determined that Roger Tower's claims were barred by claim preclusion, issue preclusion, and <u>Younger v. Harris</u>, 401 U.S. 37, 38 (1971).  2:17-CV-02597-JAM-KJN, ECF Nos. 29 at 11-16; 36.  Roger Towers appealed the dismissal to the Ninth Circuit Court of Appeals, which is still pending.  <u>Id.</u>, ECF No. 38.

On November 19, 2018, plaintiffs filed this action against the County and several other individuals, rehashing many of plaintiffs' long-standing complaints regarding the land use designation and the 2016 restraining order.  (<u>See</u> Compl.)  The pending motion to dismiss and motion for recusal followed.  (ECF Nos. 8, 14.)

II.     LEGAL STANDARDS

A.     Motion for Recusal

"Federal judges are required by statute to recuse themselves from any proceeding in which their impartiality might reasonably be questioned."  <u>Milgard Tempering, Inc. v. Selas Corp. of Am.</u>, 902 F.2d 703, 714 (9th Cir. 1990); <u>see</u> 28 U.S.C. § 455(a) "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned"); <u>see also</u> 28 U.S.C. § 144 ("[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge

5

before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein. . .").

"[T]he test for [judicial] recusal is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." <u>Milgard Tempering, Inc.</u>, 902 F.2d at 714 (internal citations omitted). "The 'reasonable person' in this context means a 'well-informed, thoughtful observer,' as opposed to a 'hypersensitive or unduly suspicious person.'" <u>Clemens v. U.S. Dist. Court for Cent. Dist. of California</u>, 428 F.3d 1175, 1178 (9th Cir. 2005) (citing <u>In re Mason</u>, 916 F.2d 384, 386 (7th Cir.1990)). "The moving party bears a substantial burden to show that the judge is not impartial. A judge should not recuse himself on unsupported, irrational, or highly tenuous speculation." <u>United States v. Bell</u>, 79 F. Supp. 2d 1169, 1171 (E.D. Cal. 1999)(internal citations and quotation marks omitted).

### B. Motion to Dismiss

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint. <u>Vega v. JPMorgan Chase Bank, N.A.</u>, 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009). Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); <u>see also</u> <u>Paulsen v. CNF, Inc.</u>, 559 F.3d 1061, 1071 (9th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u>

In considering a motion to dismiss for failure to state a claim, the court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. <u>Corrie v. Caterpillar, Inc.</u>, 503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal

conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071. The court must construe a pro se pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); accord Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (stating that "pro se pleadings are liberally construed, particularly where civil rights claims are involved"); see also Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (stating that courts continue to construe pro se filings liberally even when evaluating them under the standard announced in Iqbal).

In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted). Although the court may not consider a memorandum in opposition to a defendant's motion to dismiss to determine the propriety of a Rule 12(b)(6) motion, see Schneider v. Cal. Dep't of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), it may consider allegations raised in opposition papers in deciding whether to grant leave to amend, see, e.g., Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

III.     DISCUSSION

A.     Motion for Recusal

Plaintiffs move for recusal of the judges assigned to this matter based on allegations that (1) both judges "employ a scheme that violates the right of pro se litigants to be heard;" (2) both judges "deployed [this] scheme against Roger Towers, a pro se litigant;" (3) the undersigned "knowingly applied rules for judicial notice different[ly] and unlawfully against Towers;" (4) the undersigned "created evidence to fit [a] false narrative;" (5) the undersigned "created procedural barriers to block court access;" and (6) the "bias of Judge Mendez against Towers as a pro se litigant was manifested in several ways." (ECF No. 15 at 8-15.)

////

7

As defendants aptly point out, however, "[p]laintiffs' contention that District Judge Mendez and Magistrate Judge Newman should recuse themselves from this proceeding is strictly dependent on Plaintiff Roger Towers' dissatisfaction with the Court's rulings in <u>Towers V</u>, which is currently on appeal." (ECF No. 21 at 3-4.)

Indeed, far from meeting their substantial burden to demonstrate that the undersigned and Judge Mendez are not impartial, <u>see Bell</u>, 79 F. Supp. 2d at 1171, plaintiffs have merely voiced their displeasure over the court's previous rulings, while mischaracterizing the court's orders.

For example, plaintiffs assert that the undersigned does not consider the arguments of pro se litigants, based upon a statement found in the undersigned's orders on motions to dismiss—namely, that "the court may not consider a memorandum in opposition to a defendant's motion to dismiss." (<u>See</u> ECF No. 15 at 8-9.) This argument is fundamentally flawed, because it is based upon a selective quotation of the legal standard set fourth in previous orders. In context, the standard reads:

> In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." <u>Outdoor Media Group, Inc. v. City of Beaumont</u>, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted). **Although the court may not consider a memorandum in opposition to a defendant's motion to dismiss to determine the propriety of a Rule 12(b)(6) motion**, <u>see</u> <u>Schneider v. Cal. Dep't of Corrections</u>, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), **it may consider allegations raised in opposition papers in deciding whether to grant leave to amend**, <u>see, e.g.</u>, <u>Broam v. Bogan</u>, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

<u>Towers V</u>, 2:17-CV-02597-JAM-KJN, ECF No. 29 at 10 (emphasis added). Nothing in the above-quoted standard suggests that the court does not consider the arguments of pro se litigants.

There is simply no reasonable basis for recusal here. To the extent that there is merit to any of plaintiffs' arguments, they may be "proper grounds for appeal, not for recusal." <u>Liteky v. United States</u>, 510 U.S. 540, 555, (1994). Prior unfavorable rulings alone do not justify recusal.

B.    <u>Motion to Dismiss</u>

Defendants move to dismiss the complaint based upon the <u>Rooker-Feldman</u> Doctrine, claim and issue preclusion, failure to state a claim, and failure to demonstrate state action under

42 U.S.C. § 1983.  (See ECF No. 9.)  Even assuming the complaint could survive defendants' other arguments, the complaint is clearly subject to dismissal because plaintiffs' claims are barred by claim and issue preclusion.

These matters have been thoroughly litigated.  To the extent that plaintiffs attempt to raise any novel claims in this matter, these claims could have been included in plaintiffs' previous suits against the County.  Furthermore, all of the events that serve as the basis of plaintiffs' claims here, took place before the filing of Towers V.  (Compare Compl., with Towers V, 2:17-CV-02597-JAM-KJN, ECF No. 1.)  And, like Towers V, the claims here are barred.

1.  *Claim and Issue Preclusion*

Claim preclusion "bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action. . . . The doctrine is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001) (internal citations and quotation marks omitted).  The Ninth Circuit has identified four factors that should be considered by a court in determining whether successive lawsuits involve an identity of claims:

(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action;

(2) whether substantially the same evidence is presented in the two actions;

(3) whether the two suits involve infringement of the same right; and

(4) whether the two suits arise out of the same transactional nucleus of facts.  See C.D. Anderson & Co. v. Lemos, 832 F.2d 1097, 1100 (9th Cir.1987); accord Headwaters Inc. v. United States Forest Serv., 399 F.3d 1047, 1052 (9th Cir. 2005); Littlejohn v. United States, 321 F.3d 915, 920 (9th Cir. 2003).  "The central criterion in determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts."  Owens, 244 F.3d at 714.

Similarly, issue preclusion bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, whether or

9

not the issue arises on the same or different claim." <u>New Hampshire v. Maine</u>, 532 U.S. 742, 749 (2001). "A party invoking issue preclusion must show:

> (1) the issue at stake is identical to an issue raised in the prior litigation;

> (2) the issue was actually litigated in the prior litigation; and

> (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action." <u>Littlejohn</u>, 321 F. 3d at 923. The "actually litigated" requirement is satisfied where the parties "have a full and fair opportunity to litigate the merits of the issue." <u>Id</u>.

2. <em>Land Use Designation</em>

At the heart of this action, plaintiffs are challenging the land use designation of their property, as they have been doing "for the past 18 years." (Compl. ¶ 10.) Under the first cause of action, the complaint alleges that defendants prevented plaintiffs from accessing information relevant to the 2035 General Plan. According to plaintiffs "[a]s a result of Defendants' actions [delaying and preventing the production of documents] the 2035 General Plan was approved and Plaintiffs have been substantially harmed through the continued deprivation of the ability to develop their Property." (Compl. ¶ 68-69.) Yet, as Roger Towers previously admitted to this court,

> his issues with the land use designation date back to 2001, when he first bought his property. Ever since that time, the County has allegedly continued to prevent plaintiff from using his property. In this respect, by plaintiff's own admission, the 2035 General Plan has not substantively changed how the County treats plaintiff's property. Moreover, while plaintiff does not accept the validity of the OS/RC designation, his land was so designated by the County in the 2010 General Plan, and it remains so designated in the 2035 General Plan.

<u>Towers V</u>, 2:17-CV-02597-JAM-KJN, ECF No. 29 at 8-9.

Thus, despite plaintiffs' reference to the First Amendment and the 2035 General Plan, the first cause of action is just another challenge to the County's land use designation, and is barred by <u>Towers II</u>.

////

////

10

### i.     **Claim Preclusion**

First, there is identity between the parties.  Plaintiffs Roger and Catherine Towers and defendant the County of San Joaquin were also parties to Towers II.

Second, there was a final judgment on the merits—the opinion of the Third District Court of Appeal affirming the trial court's dismissal of all of plaintiffs' causes of action.  Towers II, 2017 WL 3275178, at *15-16, 28.  "Dismissal of an action with prejudice, or without leave to amend, is considered a final judgment on the merits."  Nnachi v. City of San Francisco, 2010 WL 3398545, at *5 (N.D. Cal. Aug. 27, 2010) (citing Headwaters Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1052 (9th Cir. 2005)).

Third, there is an identity of claims between Towers II and the first cause of action here.  Towers II established that plaintiffs' ability to challenge the OS/RC designation is foreclosed by the statute of limitations.  2017 WL 3275178, at *15-16.  To allow plaintiffs to pursue the first cause of action would impermissibly disturb the rights Towers II imparted on the County, which has a reasonable expectation to not have to relitigate a previously barred claim.  Also, the complaint here involves substantially the same evidence as in Towers II—allegedly fabricated maps and purportedly withheld information related to the land use designation.

While plaintiffs appear to raise their First Amendment rights for the first time in this context, the claim nonetheless arises out of the same transactional nucleus of facts as in Towers II—the County's decisions and actions related to the OS/RC designation of plaintiffs' property.  See Owens, 244 F.3d at 714 ("The central criterion . . . is whether the two suits arise out of the same transactional nucleus of facts").

Despite plaintiffs' attempt to dress up their claim as something new and different, plaintiffs seek to relitigate the same issues decided in Towers II.  Even assuming that this claim is truly novel, it arises from the same transactional nucleus of facts, and claim preclusion bars further litigation of any claim that *could have been* brought in the prior action.  See Owens, 244 F.3d at 713.

////

////

ii.     **Issue Preclusion**

Similarly, the first cause of action is barred by issue preclusion.  First, the central issue raised in the first cause of action is substantively identical to the central issue raised in Towers II—whether the County's OS/RC land use designation was properly determined.  Second, the issue was actually litigated in Towers II, as evidenced by the multiple rulings by the trial court and by the opinion of the Third District Court of Appeal.  See 2017 WL 3275178.  Plaintiffs had a full and fair opportunity to litigate this issue in the trial court and on appeal.  Third, the decision that plaintiff had no legal basis to challenge the land use designation was a critical and necessary part of the previous litigation—indeed, it was the central issue before the court.  See Towers II, 2017 WL 3275178, at *15-16, 28.

3.     *Restraining Order Claims*

Under the second cause of action, plaintiffs allege that defendants obtained the restraining order against Roger Towers in retaliation for his speech, in violation of the First Amendment.  (See Compl. ¶ 73 ("Without qualification, SKEWES-COX has admitted that she sought the restraining order because of Tower's speech on September 29, 2016, and the October 11, 2016 lawsuit").)  Under the fourth cause of action, plaintiffs allege that defendants J. Mark Myles and Kerry Sullivan neglected to prevent harm to plaintiff by failing to "ensure that records of the Community Development Department were maintained in a publicly reasonable manner" which would have "prevented the charade that was the prosecution of the restraining order" against Roger Towers.  (Compl. ¶¶ 84, 86.)  Accordingly, both claims are essentially challenges to the 2016 restraining order and barred by County v. Towers.

i.     **Claim Preclusion**

First, there is identity between the parties because Roger Towers and the County were both parties in County v. Towers.  (See Compl. ¶ 49; RJN, Exs. 12, 13.)

Second, there was a final judgment on the merits—the Third District Court of Appeal's opinion in County v. Towers that "substantial evidence supports the issuance of the [restraining] order, and that the order did not violate Roger Towers's right of free speech."  2018 WL 2424114, at *1; see Nnachi, 2010 WL 3398545, at *5.

12

Third, there is an identity of claims between <u>County v. Towers</u> and the instant matter. <u>County v. Towers</u> established that the County had a right to issue the restraining order and that it did not violate the First Amendment. 2018 WL 2424114, at *1. To allow plaintiffs to revive this claim would impermissibly disturb the rights <u>County v. Towers</u> imparted on the County, which has a reasonable expectation to not have to relitigate a previously barred claim. This matter and <u>County v. Towers</u> also both concern Roger Towers' First Amendment rights. Additionally, the complaint here involves the same evidence and arises out of the same transactional nucleus of facts as <u>County v. Towers</u>—the circumstances leading to the issuance of the restraining order against Roger Towers. <u>See</u> <u>Owens</u>, 244 F.3d at 714 ("The central criterion . . . is whether the two suits arise out of the same transactional nucleus of facts").

Even assuming that the claims here regarding the restraining order are truly novel, they arise from the same transactional nucleus of facts, and claim preclusion bars further litigation of any claim that *could have been* brought in the prior action. <u>See</u> <u>Owens</u>, 244 F.3d at 713.

ii.    <b>Issue Preclusion</b>

Similarly, the second and fourth causes of action are barred by issue preclusion. First, the issues plaintiffs raise here are substantively identical to those raised in <u>County v. Towers</u>— whether there was substantial evidence to support the restraining order and whether the order violated Roger Towers' First Amendment rights. Second, these issues were actually litigated in <u>County v. Towers</u> because plaintiffs had a full and fair opportunity to litigate these issues in the trial court and on appeal. Third, the determination that there was (1) clear and convincing evidence to issue a restraining order and (2) that such an order did not violate the First Amendment were critical and necessary parts of the judgment in the prior case—indeed, these were the central issues before the court. <u>See</u> <u>County v. Towers</u>, 2018 WL 2424114.

4.    <u>Dismissal of Towers IV</u>

Under the third cause of action, the complaint alleges that defendants conspired to obstruct justice by "successfully forc[ing] Plaintiffs to dismiss their federal lawsuit," i.e., <u>Towers IV</u>. (Compl. ¶ 82.) Even assuming, without deciding, that this claim is not barred by claim or

////

issue preclusion, it is nonetheless subject to dismissal.[3]  Plaintiffs voluntarily dismissed <u>Towers IV</u> in a filing before this court.  2:16-CV-02417-MCE-KJN, ECF No. 28.  To the extent that plaintiffs assert that they were somehow coerced by defendants to dismiss <u>Towers IV</u>, plaintiffs' recourse is to move to reopen the matter, not to file a new civil action.

III.    <u>CONCLUSION</u>

It seems as if plaintiffs are taking multiple bites of the same apple and hoping for a different result.  The court does not take kindly to such fruitless and frivolous exercises.  While plaintiffs proceed without counsel, they are expected to comply with the applicable law and rules of procedure.  Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.  All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona.  Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

<u>See also</u> <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds).

Moreover, Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

**Accordingly, plaintiffs are admonished to be mindful of Federal Rule of Civil Procedure Rule 11 before filing additional motions or cases regarding claims and issues that have been conclusively litigated.  Any future filing found to be for an improper purpose, or without a reasonable basis, may be grounds for sanctions**.  <u>See</u> Fed. R. Civ. P. 11(c).

For the reasons discussed above, IT IS HEREBY RECOMMENDED that:

1. Defendants' motions to dismiss (ECF No. 8) be GRANTED.

2. Plaintiffs' complaint be DISMISSED WITH PREJUDICE.

---

[3] However, the court notes that this same argument was raised in <u>Towers V</u>.  <u>See</u> 2:17-cv-02597-JAM-KJN, ECF No. 1 at 6.

3.  The Clerk of Court be ordered to close this case.

IT IS ALSO HEREBY ORDERED that:

1.  Plaintiffs' motion for recusal (ECF No. 14) is DENIED.

2.  All pleading, discovery, and motion practice in this action are STAYED pending resolution of the findings and recommendations. With the exception of objections to the findings and recommendations and any non-frivolous motions for emergency relief, the court will not entertain or respond to any motions and other filings until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated:  June 7, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/towers.18cv2996.dismissal

15